

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*                     *973-645-2700*
*Newark, New Jersey 07102*

CSS/PL AGR
2023R00263

June 20, 2024

<u>VIA EMAIL</u>

Jason A. Seidman
Law Offices of Jonathan F. Marshall
82 Court Street
Freehold, NJ 07728
jseidman@jfmlaw.com

   Re: <u>Plea Agreement with Jooyeong Lee</u>

Dear Mr. Seidman:

  This letter sets forth the plea agreement between your client, Jooyeong Lee ("Lee"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 3, 2024, if it is not accepted in writing by that date. If Lee does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

  This plea agreement is contingent upon approval by the United States Department of Justice, Tax Division.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Lee to a one-count Information, which charges Lee with, on or about April 18, 2022, filing a false tax return for tax year 2021, in violation of 26 U.S.C. § 7206(1). If Lee enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Lee for tax years 2015 through 2021 in connection with the filing of false personal tax returns for Lee or evasion of personal income taxes due and owing by Lee.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not

remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Lee even if the applicable statute of limitations period for those charges expires after Lee signs this agreement, and Lee agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 26 U.S.C. § 7206(1) to which Lee agrees to plead guilty in the Information carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence imposed may run consecutively to any prison sentence Lee is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lee is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Lee ultimately will receive.

Further, in addition to imposing any other penalty on Lee, the sentencing judge as part of the sentence:

(1)    will order Lee to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order Lee to pay restitution pursuant to 18 U.S.C. § 3663;

(3)    may order Lee to pay the costs of prosecution;

(4)    pursuant to 18 U.S.C. § 3583, may require Lee to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Lee be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lee may be sentenced to not more than one year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for

time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), Lee agrees to pay restitution in the amount of $494,082.00 (the "Restitution Amount") to the Internal Revenue Service (the "IRS"). The total amount of restitution consists of the following:

| Tax Return – Year | Restitution Amount |
|---|---|
| 2015 | $3,917 |
| 2016 | $89,387 |
| 2017 | $78,062 |
| 2018 | $41,819 |
| 2019 | $15,093 |
| 2020 | $90,024 |
| 2021 | $175,780 |

Lee understands and agrees that the Restitution Amount is due immediately and in full, and that if the Court imposes a schedule of payments, that schedule is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

If the Court orders Lee to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Lee does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Lee's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment. Defendant agrees to send restitution payments to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Lee by the

sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lee's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Lee will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Lee waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Venue</u>

Lee agrees to waive and forego any and all challenges to venue in the District of New Jersey. Lee understands and agrees that the Information will be filed and adjudicated in the District of New Jersey. Lee further agrees not to assert in any appeal, motion, or collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255, any claim or argument challenging venue in the District of New Jersey for any charge in the Information, as set forth above.

- 4 -

<u>Immigration Consequences</u>

Lee understands that, if Lee is not a citizen of the United States, Lee's guilty plea to the charged offense will likely result in Lee being subject to immigration proceedings and removed from the United States by making Lee deportable, excludable, or inadmissible, or ending Lee's naturalization. Lee understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lee wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Lee's removal from the United States. Lee understands that Lee is bound by this guilty plea regardless of any immigration consequences. Accordingly, Lee waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Lee also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Federal Tax Forms 870 and 2504 Waivers</u>

Prior to the date of sentencing, Lee shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2018, 2019, 2020, and 2021; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2017, 2018, 2019, 2020, and 2021; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Lee agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Lee. With respect to disclosure of the criminal file to the IRS, Lee waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Lee's tax returns and return information.

Furthermore, Lee agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2018, 2019, 2020, and 2021 or for any other amounts paid in accordance with this agreement. Lee agrees that the provisions set forth in

this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lee. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Lee from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Lee and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:    Casey S. Smith
       Assistant U.S. Attorney

APPROVED:

ANDREW TROMBLY    Digitally signed by ANDREW TROMBLY
                 Date: 2024.06.20 12:00:54 -04'00'

Andrew M. Trombly
Chief, General Crimes Unit

- 6 -

I have received this letter from my attorney, Jason Seidman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: _8/15/24_
Jooyeong Lee

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: _8/12/24_
Jason Seidman, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Jooyeong Lee

Schedule A

1.      This Office and Jooyeong Lee recognize that the United States
Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless
agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023, applies in
this case.

3.      The applicable guideline is U.S.S.G. §§ 2T1.1. Pursuant to U.S.S.G.
§§ 2T1.1(a)(1) and 2T4.1(G), the base offense level is 18 because the relevant tax
loss of $494,082 falls between $250,000 and $550,000.

4.      Pursuant to U.S.S.G. § 2T1.1(b)(1), a two-level enhancement applies
because Lee failed to report income exceeding $10,000 in any year from criminal
activity.

5.      As of the date of this letter, Lee has clearly demonstrated a recognition
and affirmative acceptance of personal responsibility for the offense charged.
Therefore, a downward adjustment of two levels for acceptance of responsibility is
appropriate if Lee's acceptance of responsibility continues through the date of
sentencing. *See* U.S.S.G. § 3E1.1(a).

6.      As of the date of this letter, Lee has assisted authorities in the
investigation or prosecution of his own misconduct by timely notifying authorities of
his intention to enter a plea of guilty, thereby permitting this Office to avoid
preparing for trial and permitting this Office and the court to allocate their
resources efficiently. At sentencing, this Office will move for a further 1-level
reduction in Lee's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following
conditions are met: (a) Lee enters a plea pursuant to this agreement, (b) this Office,
in its discretion, determines that Lee's acceptance of responsibility has continued
through the date of sentencing and Lee therefore qualifies for a 2-level reduction for
acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Lee's offense
level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.      Accordingly, the parties agree that the total Guidelines offense level
applicable to Lee is 17 (the "Total Offense Level").

8.      The parties agree not to advocate for any upward or downward
adjustment or departure from the Guidelines range resulting from (a) the Total
Offense Level and (b) the criminal history category that the sentencing judge
applies under Chapter 4 of the Guidelines without any departure or variance. But
each party may seek a variance from that Guidelines range, which the other party
may oppose.

9.      The parties agree that ordering the term of imprisonment imposed in this case to run concurrently to any sentence imposed or that will be imposed on Lee by the Superior Court for the State of New Jersey in *New Jersey v. Jooyeong Lee*, Case No. 22-03-00245 and *New Jersey v. Jooyeong Lee*, Case No. 22-05-00425, is reasonable taking into account all of the factors set forth in 18 U.S.C. §§ 3584(b) and 3553(a).

10.      If the term of imprisonment does not exceed 30 months, and except as specified in the next paragraph below, Lee will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)      Any proceeding to revoke the term of supervised release.

(b)      A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)      An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).